IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULRICH HAUG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1279-L** |
| | § | |
| **DEPENDABLE AUTO SHIPPERS, INC**., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are: (1) Dependable Auto Shippers, Inc.'s Rule 12(b)(6) & 12(b)(7) Motion to Dismiss Plaintiff's First Amended Complaint, filed August 26, 2009; (2) Plaintiff Ulrich Haug's Motion to Exclude Documentary Exhibits, filed September 3, 2009; and (3) Plaintiff Ulrich Haug's Request for Permission to File Supplemental Reply to Motion to Exclude Documentary Exhibits, filed January 26, 2010. After carefully considering the motions, record, and applicable law, the court **denies** Dependable Auto Shippers, Inc.'s Rule 12(b)(6) & 12(b)(7) Motion to Dismiss Plaintiff's First Amended Complaint, **grants** Plaintiff Ulrich Haug's Motion to Exclude Documentary Exhibits, and **denies as moot** Plaintiff Ulrich Haug's Request for Permission to File Supplemental Reply to Motion to Exclude Documentary Exhibits.

## I.     Background

Plaintiff Ulrich Haug ("Plaintiff" or "Haug") filed his Original Petition in the 101st Judicial District Court of Dallas County, Texas, on May 28, 2009. Defendant removed the case to this court on July 6, 2009, and Plaintiff filed his First Amended Complaint on August 6, 2009 ("Complaint"). In his Complaint, Plaintiff alleges violation of the Carmack Amendment to the Interstate Commerce

Act, and in the alternative, violations of the Harter Act and the Carriage of Goods by Sea Act ("COGSA").  His claims arise out of damage to a 2002 Porsche 911 Turbo shipped from California to Germany by Defendant Dependable Auto Shippers, Inc. ("Defendant" or "DAS").

## II.      Legal Standard

### A.      Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the

complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d

429, 431 (7th Cir. 1993)).

 The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim

when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129

S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).

**B.      Rule 12(b)(7) – Failure to Join a Party**

 Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal for "failure to join

a party under Rule 19."  Rule 19 "provides for the joinder of all parties whose presence in a lawsuit

is required for the fair and complete resolution of the dispute at issue.  It further provides for the

dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (footnotes and citations omitted). Rule 19 "does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent. Finally, Rule 19 does not require joinder of persons against whom [defendants] have a claim for contribution." *Nottingham v. General Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (citations omitted).

## III.   Analysis

Defendant moves pursuant to Rules 12(b)(6) and (7) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and for failure to join parties. Attached to its motion is an ocean-through Bill of Lading issued by Troy Container Line Ltd. ("Troy"). DAS argues that the Bill of Lading extends coverage under COGSA to the entire shipment. DAS contends that because COGSA applies to the entire shipment, Plaintiff has failed to state a claim under the Carmack Amendment or the Harter Act. It also contends that Plaintiff failed to join Troy, an indispensable party.

Plaintiff responds that the court should exclude the Bill of Lading attached to Defendant's motion. Haug argues that the Bill of Lading is not referred to in his Complaint and is not central to his pleading. He points out that the document is illegible and that there is an issue of fact with respect to whether there was a bill of lading issued. He also argues that COGSA does not apply and that the Harter Act may apply. He also contends that the joinder issues raised by Defendant are premature, that he has alleged interstate shipping and is entitled to discovery, and that Troy is not a necessary party.

**Memorandum Opinion and Order – Page 4**

DAS points out that Plaintiff refers to bills of lading twice in the Complaint, at paragraphs 17 and 28. It also contends that Haug is bound by the ocean bill of lading issued by Troy. Plaintiff also filed a request to file a reply to his motion to exclude documentary evidence and includes another bill of lading he contends was produced in discovery. DAS did not respond to this request.

The court first determines that Plaintiff's Complaint does not refer to the Bill of Lading attached to Defendant's motion and that it is not central to his pleading. Paragraph 17 specifically denies that a bill of lading was issued: "*At no time did DAS issue a bill of lading*, or if it did, any such document does not reflect any agreement between DAS and Plaintiff . . . ." Compl. ¶ 7 (emphasis added). Paragraph 28 states that COGSA "governs the relationship between parties to a bill of lading where the document is issued as the contract of carriage." *Id*. ¶ 28.

Considering the facts in the light most favorable to Haug, the court determines that he asserts that there was no bill of lading issued in this case. To the extent evidence is produced to negate that contention, this issue is better suited for a motion for summary judgment than a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff also argues that there was another bill of lading issued during the car's journey from California to Germany and that it contains different terms. Even if the court were to consider the Bill of Lading attached to the motion, it is illegible and the court never received a legible copy of the document to rely upon the language cited by DAS. While Defendant may raise legal defenses to certain of Plaintiff's claims, at this stage in the litigation and under the standards of the rule cited by DAS, the court cannot dismiss Haug's claims.

The court also determines that Rule 12(b)(7) is not a basis for dismissal of this case. It determines that DAS has failed to carry its burden to show that Troy is indispensable. As Plaintiff

notes, while Troy may be jointly liable with DAS, there are no factual allegations pleaded against it, and its potential status a joint tortfeasor does not require joinder under Rule 19.

**IV.      Conclusion**

For the reasons stated herein, the court **denies** Dependable Auto Shippers, Inc.'s Rule 12(b)(6) & 12(b)(7) Motion to Dismiss Plaintiff's First Amended Complaint, **grants** Plaintiff Ulrich Haug's Motion to Exclude Documentary Exhibits, and **denies as moot** Plaintiff Ulrich Haug's Request for Permission to File Supplemental Reply to Motion to Exclude Documentary Exhibits.

**It is so ordered** this 25th day of February, 2010.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 6**